**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Julio RAMIREZ–RAMIREZ,**
**Defendant–Appellant.**

**No. 14–13291**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 9, 2015.

Mary Christine Roemer, James R. McHenry, III, Lawrence R. Sommerfeld, Sally Yates, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

Natasha Perdew Silas, Stephanie A. Kearns, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Julio Ramirez–Ramirez ("Ramirez") appeals his sentence of 24 months' imprisonment, imposed after the revocation of his supervised release pursuant to 18 U.S.C. § 3583(e). Ramirez raises two issues on appeal. First, he argues his sentence was procedurally unreasonable because it exceeded the statutory maximum sentence available upon revocation of a class E felony, and his original indictment failed to allege the facts necessary to support a conviction for a class C felony under 8 U.S.C. § 1326. Second, he contends his sentence was substantively unreasonable because it was excessive in light of the applicable 18 U.S.C. § 3553(a) factors. Upon review, we affirm.[1]

We conclude Ramirez's claim for procedural unreasonableness fails because a defendant facing incarceration upon the revocation of supervised release may not challenge the validity of his original sentence during the revocation proceedings. *See United States v. White,* 416 F.3d 1313, 1316 (11th Cir.2005) ("[A] defendant may not challenge, for the first time on appeal from the revocation of supervised release, his sentence for the underlying offense."); *United States v. Almand,* 992 F.2d 316, 317 (11th Cir.1993) ("A sentence is presumed valid until vacated under [28 U.S.C.] § 2255.").

We also hold Ramirez's sentence was not substantively unreasonable because the district court imposed it after properly considering the relevant 18 U.S.C. § 3553(a) factors, including the need for deterrence. *See United States v. Clay,* 483 F.3d 739, 743 (11th Cir.2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court. . . ." (quotation omitted)). The district court acted well within its discretion in fashioning the 24-month sentence.

For the foregoing reasons, we affirm Ramirez's sentence.

**AFFIRMED.**

1. We review Ramirez's procedural unreasonableness claim for plain error because he did not raise it in district court. *United States v. Vandergrift,* 754 F.3d 1303, 1307 (11th Cir. 2014). We review the sentence imposed upon the revocation of supervised release for reasonableness, *id.,* applying a deferential abuse-of-discretion standard, *Gall v. United States,* 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).